UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH THOMAS ) | |
| and J.T. INDUSTRIES, LLC, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00775 ERW |
| ) | |
| AUTOMOTIVE TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Automotive Technologies, Inc.'s ("Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) or (b)(6), or, in the alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a), filed June 6, 2012 [ECF No. 9].

**I.     BACKGROUND AND PROCEDURAL HISTORY**

In February 2009, Plaintiff Joseph Thomas and Defendant began discussing a potential business relationship. Defendant is the franchisor of Wireless Zone® retail stores. The parties met on multiple occasions in 2009 and 2010, and on February 1, 2011, Plaintiff and Defendant entered into a franchise agreement whereby Plaintiff would operate a Wireless Zone® retail store in Punta Gordo, Florida. The franchise agreement contained a forum selection clause in which Plaintiff agreed that the contract would be governed by the laws of the State of Connecticut, and that any disputes would be brought in the state or federal courts of Connecticut [ECF Doc. 10-1 at *29].

On May 3, 2012, Plaintiffs Joseph Thomas and J.T. Industries, LLC ("Plaintiffs") filed suit in the Circuit Court of St. Louis County, Missouri, alleging fraudulent misrepresentation, breach of contract, and unjust enrichment [ECF No. 1-1 at *4-8]. Defendants removed the suit to this Court May 2, 2012, on the basis of diversity of citizenship [ECF No. 1]. On June 6, 2012,

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or (b)(6), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a), asking this Court to enforce the forum selection clause contained in the franchise agreement [ECF No. 9-10].  Plaintiffs filed their response July 24, 2012, arguing that the forum selection clause should be held invalid [ECF No. 16], and  Defendants filed their reply July 31, 2012 [ECF No. 19].

## II.     DISCUSSION

As an initial matter, this Court notes that whether forum selection clauses are properly addressed under Fed. R. Civ. P. 12(b)(3) or (b)(6) is an open question.  *See Rainforest Café, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 n.5 (8th Cir. 2003) (electing not to address the issue since motion to dismiss was brought under both subsections of Rule 12).  The procedural vehicle under which motions to dismiss based on forum selection clauses are brought affects this Court's ability to consider matters outside the pleading.  Unlike a motion brought under Rule 12(b)(6), when a motion is brought under Rule 12(b)(3), the Court is not required to accept the pleadings as true and may consider facts outside of the pleadings.  *Tockstein v. Spoeneman*, 2007 WL 3352362 at *2 (E.D. Mo. 2007) (citing *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996)).  This Court previously has dealt with forum selection clauses under 12(b)(3) as a motion to dismiss for improper venue and will continue to do so.  *See Tockstein*, 2007 WL 3352362 at *3.

Both parties' briefs operate under the assumption that federal law determines whether the forum selection clause should be enforced.  This Court agrees, while noting that circuits are split on whether the interpretation of forum selection clauses is a procedural or substantive matter.  *See Rainforest Café, Inc.*, 340 F.3d at 546 ("In this case, both parties operate under the assumption that federal law controls the question of whether this forum selection clause applies. We are inclined to agree, but acknowledge that this appears to be an open question.") (internal citation

2

omitted); *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 n.4 (8th Cir. 1999) (noting a split of authority among circuit courts). Regardless, "[b]ecause the parties have not argued that state law would result in a materially different outcome, we indulge their suggestion that we interpret the forum selection clause under federal law." *Rainforest Cafe*, 340 F.3d at 546.

    A.    **VALIDITY OF THE FORUM SELECTION CLAUSE**

It is axiomatic that forum selection clauses are prima facie valid unless unjust, unreasonable, or invalid. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Carnival Cruse Lines v. Shute*, 499 U.S. 585, 593-94 (1991); *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006); *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 2011 WL 98555 at *4 (E.D. Mo. 2011). When the forum selection clause is the result of arms-length negotiation, the presumption of validity is especially high. *Servewell Plumbing*, 436 F.3d at 789 (citing *The Bremen*, 407 U.S. at 15); *Union Elec.*, 2011 WL 98555 at *4.

Plaintiffs argue that notwithstanding the general rule upholding forum selection clauses, this particular forum selection clause should be held invalid due to "overreach" and "overweening": In other words, due to disparate levels of bargaining power between Plaintiffs and Defendant, the clause is unreasonable or unjust. Plaintiffs rely upon the fact that Defendant is a franchisor with much experience in the business, while Plaintiff Joseph Thomas is a "neophyte" to the industry [ECF No. 16 at *2-3].

In *Carnival Cruise Lines, Inc.*, the Supreme Court enforced a forum selection clause contained within a form contract, despite an obvious disparity in bargaining power between the parties. 499 U.S. at 596. Extending that logic, forum selection clauses have routinely been enforced in this circuit when contained in a franchise agreement. *See Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 758 (8th Cir. 2001); *M.B. Restaurants, Inc.*,

3

183 F.3d at 753; *Med. Shoppe Int'l, Inc. v. TLC Pharm., Inc.*, No. 4:09CV00683 AGF (E.D. Mo. 2010).

Irrespective of this general rule, Plaintiffs rely upon two cases in support of its position that this particular clause is invalid: *The Bremen*, and a recent case, *Cook v. Double R Performance, Inc.*, 2011 U.S. Dist. LEXIS 52015, Case No. 2:2011CV04006 (W.D. Mo. 2011). This Court concludes that both cases are inapposite, and that the forum selection clause contained in the Wireless Zone® franchise agreement is valid and should be enforced.

Plaintiffs' reliance upon *The Bremen* ignores *Carnival Cruise Lines v. Shute* and the development of forum selection clause analysis over the past decades. *See Carnival Cruise Lines*, 499 U.S. at 593 ("[W]e must refine the analysis of *The Bremen* to account for the realities of form passage contracts."). *Carnival Cruise Lines* made clear that the Supreme Court rejected the notion "that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining. Including a reasonable forum clause in a form contract . . . well may be permissible for several reasons." *Id.* at 593. The Court listed as reasons the defendant's interest in limiting the fora to which it could be subject to suit, establishing the proper choice of law for dispute resolution, and a reduction in both transaction and litigation costs to both parties. *Id.* at 593-94. Each of these factors applies equally to the parties in this suit, and on *Carnival Cruise Line*'s rationale courts routinely have upheld forum selection clauses contained in form franchise agreements. *See, e.g.*, *M.B. Restaurants, Inc.*, 183 F.3d at 753 (applying the rationale of *Carnival Cruise Lines* to a franchise agreement).

Plaintiffs' reliance on *Cook* is equally misplaced. Plaintiffs state that the facts of that case are "very similar" to this one [ECF No. 16 at *8]; however, the facts of *Cook* demonstrate that the nature and purpose of that forum selection clause differ markedly from the clause in this case.

4

First, *Cook* does not involve a franchise agreement, but rather the form contract of an independent retailer. *See Cook*, Case No. 2:2011CV04006 at *4. There was no evidence that the clause formed a vital part of the agreement. *Id.* at *12. Lastly, *Cook* noted that the entire transaction had a taint of fraud, and that the plaintiffs brought common law tort claims, not claims based in contract, against the defendants. *Id.* at *13.

In this case, Defendants operate with a standard franchise agreement and rely upon the forum selection clause in conducting their business. Forum selection clauses form a vital part of franchise agreements, in that a franchisor could conceivably be subject to suit around the country were it not for the enforceability of such clauses [*see* ECF No. 10-1 at *6, Suhr Declaration ("ATI will not enter into any franchise agreement unless it contains choice of law and forum selection provisions similar to the one in the Franchise Agreement")]. Lastly, Plaintiffs' claims are contractual in nature and are thus governed by the franchise agreement.

Plaintiffs' allegations of unequal bargaining power are insufficient to hold invalid this particular forum selection clause, as equal bargaining power is not a prerequisite to finding a forum selection clause valid. Courts have consistently upheld forum selection clauses between parties in similar positions to the ones currently before this Court. Relative bargaining power is but one consideration to be weighed, and in this instance is the only consideration that weighs in Plaintiffs' favor. Because Plaintiffs have alleged no facts demonstrating that the clause itself is unjust or unreasonable, or that the clause was procured by Defendant through fraud, this Court concludes that the forum selection clause contained in the Wireless Zone® franchise agreement is valid and enforceable.

.

5

**B.     DISMISSAL OR TRANSFER**

Defendant moves to enforce the forum selection clause, seeking dismissal under Rule 12(b)(3) or Rule 12(b)(6) [ECF No. 9]. Plaintiffs agree that if the forum selection clause is valid, dismissal is the preferable remedy [ECF No. 16]. This Court will grant dismissal only if it is an appropriate remedy for enforcing a valid forum selection clause.

A review of Eighth Circuit cases establishes that dismissal is appropriate to dispose of a 12(b)(3) motion seeking to enforce a valid and enforceable forum selection clause. *See Union Elec.*, 2011 WL 98555 at *5 (granting motion to dismiss where forum selection clause was held enforceable); *Servewell Plumbing*, 439 F.3d at 792 (affirming dismissal for improper venue); *Rainforest Café, Inc.*, 340 at 547 (same); *Marano Enterprises of Kansas*, 254 F.3d at 758 (same); *M.B. Restaurants, Inc.*, 183 F.3d at 753 (same). Finding no authority to the contrary, this Court concludes that dismissal without prejudice under these circumstances is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) [ECF No. 9] is **GRANTED.**

Dated this 29th Day of August, 2012.

                                                                        _____
                                                                        E. RICHARD WEBBER
                                                                        SENIOR UNITED STATES DISTRICT JUDGE